# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ADOLPHO SIERRA, Defendant. | No. 06mj173 **DETENTION ORDER** |

This matter came on for detention hearing on June 13, 2006. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Adolpho Sierra appeared in person with his attorney, Patrick Parry. The Government offered the testimony of Task Force Officer Shawn Jensen. Sierra offered the testimony of his girlfriend, Nicole Kennedy, and her father, Kevin Kennedy.

The court must determine whether any condition or combination of conditions will reasonably assure Sierra's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Sierra as required and the safety of the community if the court finds there is probable cause to believe Sierra committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Sierra. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of

section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates Sierra has been involved in dealing large quantities of marijuana. His criminal history indicates he is a convicted felon, with a conviction for second-degree murder. Upon a search of his residence, officers located a shotgun, and also a handgun with a loaded magazine next to it. In addition, although the facts are somewhat in dispute, the record is clear that Sierra has a recent conviction for assault. Although Sierra offered testimony from his girlfriend that she does not believe Sierra to be a danger to the community, and similar testimony from his girlfriend's father, who is Sierra's employer, the court finds this evidence is insufficient to rebut the presumption that Sierra would be a danger to the community. The presumption arises from the charge itself – a serious drug charge involving the possession with intent to distribute a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). However, the court finds Sierra is not a flight risk.

Viewing the record as a whole, the court finds the Government has not proved by a preponderance of the evidence that Sierra is a flight risk, but has proved by clear and convincing evidence that Sierra would be a danger to the community if released. Therefore, the court finds the following:

1. Sierra is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Sierra reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Sierra to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Sierra must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 13th day of June, 2006.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT